# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NEBRA SIMPSON, | ) CASE NO. 5:20-cv-1237 |
| | ) |
| | ) JUDGE SARA LIOI |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| JOHNSON & JOHNSON, et. al., | ) |
| | ) |
| | ) |
| DEFENDANTS. | |

Nebra Simpson began this action by filing a Short Form Complaint against Ethicon, Inc. and Johnson & Johnson[1] as part of multidistrict litigation (MDL 2327) assigned to the United States District Court for the Southern District of West Virginia. On June 5, 2020, the case was transferred to this Court for final resolution. (Doc. No. 31 Transfer Order ["Transfer Order"] at 1327.)[2]

Now before the Court is the motion filed by defendants Ethicon LLC and Johnson & Johnson (collectively "Ethicon" or "defendants") to exclude the expert testimony of Dr. John P. Brennan ("Dr. Brennan"). (Doc. Nos. 26 & 27 ["Mot."].) Plaintiff Nebra Simpson ("Simpson" or "plaintiff") filed a brief in opposition, (Doc. Nos. 28 & 29 ["Opp'n]), and defendants replied (Doc. No. 30 ["Reply"]). For the reasons set forth herein, the motion is granted in part and denied in part.

---

[1] Ethicon LLC was also named as a defendant in the Long Form Amended Complaint but was dismissed from the case on June 19, 2020. (Doc. No. 56 Joint Stipulation of Dismissal.)

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

**I.     Portions of Dr. Brennan's testimony are inadmissible because they are not relevant.**

Fed. R. Evid. 702, addressing the testimony of expert witnesses, "requires that the evidence or testimony assist the trier of fact to understand the evidence or to determine a fact in issue. This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (internal citations omitted). "[A] party proffering expert testimony must show by a 'preponderance of proof' that the expert … will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case." *Pride v. BIC Corp.,* 218 F.3d 566, 578 (6th Cir. 2000) (citation omitted).

To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and must be "of consequence in determining the action." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

    **A.     Dr. Brennan's testimony, to the extent it concerns general causation, is not relevant because he has been designated as a specific-causation expert.**

"In toxic tort cases, the causation inquiry is two-pronged. First, a plaintiff must show that the substance to which she was exposed *can cause* the type of injury alleged [general causation]. Next, a plaintiff must show that in her case, exposure to the substance *actually caused* the alleged injury [specific causation]." *In re Meridia Prod. Liab. Litig.,* 328 F. Supp. 2d 791, 798 (N.D. Ohio 2004), *aff'd sub nom. Meridia Prod. Liab. Litig. v. Abbott Labs.,* 447 F.3d 861 (6th Cir. 2006) (citing *Sterling v. Velsicol Chem.* Corp., 855 F.2d 1188 (6th Cir. 1988); *Bonner v. ISP Techs. Inc.,* 259 F.3d 924, 928 (8th Cir. 2001)); *see also In re Hanford Nuclear Rsrv. Litig.,* 292 F.3d 1124, 1129 (9th Cir. 2002); *Goebel v. Denver & Rio Grande W. Ry. Co.,* 346 F.3d 987, 990 (10th Cir. 2003); *Guinn v. AstraZeneca Pharm. LP,* 602 F.3d 1245, 1249 n.1 (11th Cir. 2010).

"Where an expert is designated as a case-specific causation expert, his or her expert testimony concerning causation must be tailored to only the specific causation opinions concerning the case at hand. That said, such testimony 'may necessarily include elements of general causation related to [the] specific causation opinions.'" *Owens v. Ethicon, Inc.,* No. 3:19-cv-80, 2020 WL 1976642 at *4 (E.D. Ky. Apr. 24, 2020) (citing *In re: Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2327, 2016 WL 4958297, at *1 (S.D. W.Va. Aug. 25, 2016) (admitting a case-specific causation expert's general causation opinions because they were "offered only to link the typical mesh defect characteristics with the alleged injuries to [the plaintiff]"). *See In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-cv-737, 2016 WL 7242550 at *2 (S.D. W.Va. Dec. 14, 2016) (excluding general causation testimony given by a case-specific causation expert); *see also Thomas v. Novartis Pharm. Corp.,* 443 F. App'x 58, 64 (6th Cir. 2011) (excluding specific-causation testimony given by general-causation expert witnesses); *Z.H. v. Abbott Labs., Inc.,* No. 1:14-cv-176, 2017 WL 57217, at *3 (N.D. Ohio Jan. 5, 2017) (excluding general-causation and specific-causation testimony given by a non-causation expert witness); *Ashburn v. Gen. Nutrition Centers, Inc.,* No. 3:06-cv-2367, 2007 WL 4225493, at *5 (N.D. Ohio Nov. 27, 2007) (excluding specific-causation testimony given by general-causation expert witnesses).

Defendants argue that Dr. Brennan's case-specific testimony includes general causation opinions that (1) TVT is a "defective mesh"; (2) risks and complications outweigh the benefits of the use of TVT; and (3) "feasible, safer alternatives to this device have existed for patients[.]" (Mot. at 1278.) Because Dr. Brennan was not identified as a general causation expert, defendants contend that those opinions are not admissible. (*Id.* at 1277–79.) Plaintiff responds that Dr. Brennan's testimony is admissible because he only opines about general causation in order to "lay[] the foundation for his case-specific opinion." (Opp'n at 1314.)

3

The Court analyzes the first and second statements here and the third statement in Section B.

### 1. "[T]he defective mesh implanted in [plaintiff] in July, 2009 was the cause of her multiple symptoms and complications."

This is a causation-specific opinion as it concerns what caused plaintiff's injuries. That Dr. Brennan describes the mesh as "defective" does not transform it into a general-causation statement. The statement is admissible. To that extent, defendants' motion is denied.

### 2. "[T]he benefits of the mesh are outweighed by the severe, debilitating and life changing complications associated with the device."

This is a general causation statement about defendants' device. It does not "lay[] the foundation" for a case-specific opinion about plaintiff's condition because it does not concern plaintiff's alleged complications and injuries. The statement is inadmissible. To that extent, defendants' motion is granted.

### B. Brennan's opinion that "feasible, safer alternatives to this device have existed for patients" is not relevant.

Defendants argue that Dr. Brennan "fails to identify any alleged alternative that would have been appropriate for Ms. Simpson's treatment." (Mot. at 1278.) "His opinion is so vague that it amounts to no more than a general opinion (but he is not a general causation expert) with no relevance to the facts of this case." (*Id.* at 1282.) Plaintiff responds that "[a]s a specific causation expert, it is entirely appropriate for Dr. Brennan to explain that Ms. Simpson would not have been injured had a safer alternative design to the Defendants' defective mesh product [been used]." (Opp'n at 1317.)

Plaintiff's sole argument is that this testimony is related to Dr. Brennan's "specific causation" opinion. But she neither argues nor proves, as she must, that it is relevant. *Pride,* 218

4

F.3d at 578. *See also Owens,* 2020 WL 1976642 at *4 (holding that a party's argument that a general causation opinion was "essential to his specific causation opinion" was insufficient to show that the general causation opinion was relevant).

Further, plaintiff would be unable to establish relevancy. Dr. Brennan does no more than assert that a safer alternative exists for patients generally. But whether there was an alternative for a patient other than plaintiff is not relevant to this case because it has no tendency to make it more or less likely that an alternative existed for plaintiff. Dr. Brennan's opinion as to alternatives must be limited to those that were available for plaintiff—not for patients in general. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 691, 705 (S.D. W.Va. 2014) (holding that an expert's testimony that TVT was "less efficacious for certain types of women," which did not include the plaintiff, was not relevant).

Finally, if the cause of action to which this testimony is directed is OPLA defective design (Ohio Rev. Code §§ 2307.71–2307.80), the issue is whether "at the time the product left the control of [defendants], a practical and technically feasible alternative design was not available[.]" Ohio Rev. Code. § 2307.75(F). It is unclear from Dr. Brennan's statement whether "alternatives to this device" means an "alternative design" or an alternative procedure. Because Dr. Brennan does not specify that there was an alternative design, his testimony is not relevant to plaintiff's defective design claim. *See Owens*, 2020 WL 1976642 at *3 (finding expert witness' testimony as to "alternative procedures" for the plaintiff's condition was not relevant because under Kentucky law a design defect claim requires that plaintiff prove "an alternative, safer design" existed); *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2017 WL 1264620, at *3 (S.D. W.Va. Mar. 29, 2017) ("alternative procedures/surgeries do not inform the issue of whether an alternative design for a product exists.")

5

Therefore, the statement is not relevant and, to that extent, defendants' motion to exclude is granted.

### C. Dr. Brennan's opinion that "the mesh lacked adequate warnings to physicians" about risks of complications is not relevant.

Expert testimony that a warning was inadequate is not relevant if the person to be warned knew of the risk of injury subsequently suffered by the plaintiff. *See Yonts v. Easton Tech. Prod., Inc.,* 676 F. App'x 413, 417 (6th Cir. 2017) (excluding an expert opinion, in a failure to warn case, that the "on-[product warning] is 'entirely inconspicuous'" as not relevant because the user "saw and read the on-[product] message"); *Cutter v. Ethicon, Inc.,* No. 5:19-cv-443, 2020 WL 2060342, at *9 (E.D. Ky. Apr. 29, 2020) (excluding an expert's testimony about inadequate product warnings as not relevant because the plaintiff's implanting physician "did not rely on the [product warnings] and was fully aware of the device's risks prior to implanting it in [plaintiff]").

Defendants argue that Dr. Brennan's opinion—that defendants inadequately warned about the risk of injuries plaintiff claims to suffer—is not relevant because Dr. Tabet, the plaintiff's implanting physician, "was aware of these risks before he used the TVT in [plaintiff's] treatment." (Mot. at 1280–81.) Defendants also contend that Dr. Brennan's opinion that the warning was inadequate as to the risks of fraying and degradation of the mesh is not relevant, even though Dr. Tabet was unaware of the risk of those injuries, because plaintiff does not claim to have suffered those injuries. (Reply at 1319–20.) Plaintiff responds that the first argument is merely a claim "that Dr. Brennan's statement should be disregarded because [defendants] have offered evidence contradictory to his testimony." (Opp'n at 1316.) Plaintiff further responds that the failure to warn of fraying and degradation of the mesh is relevant because these "were risks [of which] Dr. Tabet

6

was unaware" and, "[s]ince Ethicon never informed doctors of these risks, a jury could reasonably find that the warnings were inadequate." (*Id.* at 1317.)

As to the injuries plaintiff suffered, Dr. Brennan's opinion that the defendants' warnings were inadequate is not relevant because it is undisputed that Dr. Tabet, the person to whom defendants' owed a duty to warn, knew of the risk of those injuries. And as to the injuries plaintiff did not suffer, whether or not defendants adequately warned Dr. Tabet of these risks is not relevant because such a fact is not "of consequence in determining the action." Fed. R. Evid. 401(b). *Cf. Huskey,* 29 F. Supp. 3d at 720 (admitting expert opinion as to the inadequacy of warnings about complications from TVT-O because the injury plaintiff suffered was the same that was inadequately warned of).

Therefore, this statement is not relevant and, to that extent, the motion to exclude is granted.

## II. Dr. Brennan's opinion that "the mesh lacked adequate warnings to physicians" about risks of complications is an inadmissible legal conclusion.

"Although an expert's opinion may 'embrace[ ] an ultimate issue to be decided by the trier of fact[,]' the issue embraced must be a factual one." *Berry v. City of Detroit,* 25 F.3d 1342, 1353 (6th Cir. 1994) (quoting Fed. R. Evid. 704(a)). An expert may "stat[e] opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue." *Id.* But the rules "requir[e] exclusion of expert testimony that expresses a legal conclusion." *Id.* (internal quotation omitted).

For example, in *In re Com. Money Ctr., Inc.,* 737 F. Supp. 2d 815 (N.D. Ohio 2010) the court excluded the testimony of expert witnesses about "the 'adequacy' of the Sureties' due diligence [and] the 'reasonableness' of the Banks' reliance" because "while these experts may testify to the *content* of industry standards with respect to underwriting, they will not be permitted

7

to testify as to *breach* of those standards." *Id.* at 831 (emphasis in original). Similarly, in *Tyree v. Boston Sci. Corp.,* No. 2:12-cv-8633, 2014 WL 5486694 (S.D. W.Va. Oct. 29, 2014) the court excluded an expert's opinion that the defendant "failed to provide adequate instructions" and "did not include adequate warnings" because those constituted impermissible legal conclusions. *Id.* at \*49. *See also In re C.R. Bard, Inc.,* 948 F. Supp. 2d 589, 629 (S.D. W.Va. 2013), *on reconsideration in part* (June 14, 2013) (excluding expert testimony that defendants "failed to adequately disclose adverse risks associated with their products" and "failed to warn" because "[s]uch statements draw legal conclusions"); *In re Boston Sci. Corp. Pelvic Repair Sys. Prod. Liab. Litig.,* No. MDL 2326, 2018 WL 2440273, at \*3 (S.D. W.Va. May 30, 2018) ("an expert may not offer expert testimony using 'legal terms of art,' such as … 'adequately warned'").

But when expert testimony describes a factual scenario, the mere inclusion of a word that can also have a legal meaning is insufficient to render the testimony inadmissible. For example, in *Heflin v. Stewart Cty., Tenn.,* 958 F.2d 709 (6th Cir.), *on reconsideration*, 968 F.2d 1 (6th Cir. 1992), the Sixth Circuit admitted a witness' testimony that "in his opinion [defendants'] conduct demonstrated deliberate indifference to [plaintiff's] need for 'emergency care which could have saved his life'" because the phrase "deliberate indifference" "merely emphasized the witness's [sic] view of the seriousness of the defendants' failures." *Id.* at 715. Likewise in *Medlin v. Clyde Sparks Wrecker Serv., Inc.,* 59 F. App'x 770 (6th Cir. 2003), the court admitted a witness' statements about "reasonable care" because "in this instance [it] did not convey a legal conclusion to the jury." *Id.* at 779. And in *Babb v. Maryville Anesthesiologists P.C.,* 942 F.3d 308 (6th Cir. 2019), the court admitted expert testimony about the "standard of care" because it "merely calls into question the factual assertion at the heart of [defendant's] defense" and "neither opines on the

8

ultimate question of liability … nor frames her opinion in … specialized [legal] language[.]" *Id.* at 317 (internal quotation and citation omitted).

Defendants argue that Dr. Brennan's statement "uses legal terminology" and "is tantamount to a legal term of art" and, therefore, should be excluded. (Mot. at 1278, 1280.) Plaintiff responds that Dr. Brennan's "use of the word 'adequate' only relates to his expert opinion that the warnings were not adequate," rather than as the word "pertains to any warnings to physicians." (Opp'n at 1316.) The issue before the Court is whether Dr. Brennan's testimony that the defendants' product "lacked adequate warnings" is an inadmissible legal conclusion, as defendants argue, or an admissible factual description, as plaintiff argues.

Here, Dr. Brennan was not the recipient of defendants' warnings, so he is not describing the warnings he received. Nor does he describe what warnings defendants gave to physicians and then opine on them. Nor does his opinion include the description of any facts pertaining to warnings about defendants' product. Therefore, Dr. Brennan's statement concerning the adequacy of defendants' warning is an inadmissible legal conclusion. Accordingly, to that extent, the motion to exclude is granted.

### III. Summary Conclusion

For the reasons set forth above, the Court concludes as follows regarding each of the challenged statements of Dr. Brennan:

"[T]he defective mesh implanted in [plaintiff] in July, 2009 was the cause of her multiple symptoms and complications." (Doc. No. 26-2, Expert Report of Dr. John P. Brennan ["Brennan Rep."] at 1265.) This statement is relevant and admissible. Accordingly, to the extent the motion to exclude concerns this statement, the motion is denied.

9

"[T]he benefits of the mesh are outweighed by the severe, debilitating and life changing complications associated with the device." (*Id.*) This statement is not relevant. Accordingly, to the extent the motion to exclude concerns this statement, the motion is granted.

"[F]easible, safer alternatives to this device have existed for patients." (*Id.*) This statement is not relevant. Accordingly, to the extent the motion to exclude concerns this statement, the motion is granted.

"[T]he mesh lacked adequate warnings to physicians." (*Id.*) This statement is not relevant and impermissibly states a legal conclusion. Accordingly, to the extent the motion to exclude concerns this statement, the motion is granted.

Defendants' motion to exclude or limit opinions and testimony of Dr. John P. Brennan (Doc. No. 26) is granted in part and denied in part.

**IT IS SO ORDERED**.

Dated: September 21, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT
JUDGE**